[No. B095326. Second Dist., Div. Six. July 17, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
STEPHEN DUNCAN GUERTIN, Defendant and Appellant.

COUNSEL

Garfield A. A. Cramer, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Marc E. Turchin and Robert David Breton, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

YEGAN, J.—Stephen Duncan Guertin appeals from the judgment entered following a jury trial that resulted in his conviction of unlawful driving or taking a motor vehicle (Veh. Code, § 10851, subd. (a)), possession of a controlled substance for sale (Health & Saf. Code, § 11378), being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)), and the admission of a prior serious or violent felony conviction (Pen. Code, § 667, subds. (d) and (e)). He was sentenced to state prison and erroneously contends: "The trial court erred in not instructing the jury sua sponte on the lesser included offense of 'joyriding' in addition to the instructions given on the Vehicle Code section 10851 charge[.]"

On March 18, 1994, appellant rented a Mazda Protege from the Bakers-field office of Standard Rent-A-Car. Four days later, appellant returned the Mazda and rented a Pontiac Sunbird. On March 24, 1994, he returned the Pontiac and rented a blue Toyota Corolla. The next day, he returned the

Toyota and terminated the rental contract. He was not authorized to take or drive Standard's vehicles after that date.

On March 28, 1994, Standard discovered that a new beige Toyota Corolla was missing from its inventory. It reported the theft to the police.

On September 10, 1994, appellant was driving the beige Toyota when a police officer stopped him for speeding. Appellant told the officer he had recently purchased it. He gave the officer a new vehicle dealer notice which contained the vehicle's identification number. The officer checked the number, discovered that the vehicle was reported stolen, and arrested appellant. The interior of the Toyota was very dirty. It looked like someone had been living in it. The odometer read approximately 24,000 miles. Methamphetamine and drug paraphernalia associated with the sale of drugs were found in the vehicle. Appellant's urine tested positive for methamphetamine.

In defense, Pete Kennedy, appellant's friend, testified that he went with appellant to Standard on several occasions. Kennedy claimed that he saw an employee of Standard hand appellant the keys to the beige Toyota.

The jury was fully instructed, inter alia, on the elements of a violation of Vehicle Code section 10851, subdivision (a). Appellant did not request and the trial court did not sua sponte instruct on the misdemeanor offense of joyriding. (Pen. Code, § 499b.) This section provides: "Any person who shall, without the permission of the owner thereof, take any automobile, . . . for the purpose of temporarily using or operating the same, shall be deemed guilty of a misdemeanor . . . ."

Respondent concedes that joyriding was here a lesser included offense within the charged offense of Vehicle Code section 10851, subdivision (a). (*People* v. *Barrick* (1983) 33 Cal.3d 115, 133-135 [187 Cal.Rptr. 716, 654 P.2d 1243].) Nevertheless, respondent meritoriously claims that there was no duty to here instruct sua sponte on joyriding.

Appellant argues that, based on defense testimony that he came into possession of the vehicle lawfully, the jury could have found he only intended to use the vehicle temporarily. The argument is without merit. " '[I]t has long been settled that the trial court need not, even if requested, instruct the jury on the existence and definition of a lesser and included offense if the evidence was such that the defendant, if guilty at all, was guilty of something beyond the lesser offense.' [Citations.]" (*People* v. *Tiner* (1970) 11 Cal.App.3d 428, 434 [89 Cal.Rptr. 834].)

Appellant kept the Toyota more than five months and drove it approximately twenty-four thousand miles. The inference that he would have continued to do so if the police had not stopped him is compelling. There was no

evidence that appellant intended to return the Toyota. Given the length of time appellant kept the car, and its condition when recovered, no reasonable trier of fact could have found appellant was only joyriding. Where, as here, the motor vehicle is kept for an excessive time or driven an excessive distance, the offense, as a matter of law, is not joyriding within the meaning of Penal Code section 499b. In this situation the "subtle" distinction between Vehicle Code section 10851 and Penal Code section 499b (*People* v. *Barrick*, *supra*, 33 Cal.3d at p. 134) becomes blatant. We need not decide just what the minimum time or distance is. However, that point is surely reached at five months or twenty-four thousand miles, whichever comes first.

The judgment is affirmed.

Stone (S. J.), P. J., and Gilbert, J., concurred.